United States District Court
Southern District of Texas
**ENTERED**
July 15, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ANA CRISTINA CARBAJAL-ARCOS, | § § | CIVIL ACTION NUMBER 4:26-cv-05009 |
| Petitioner, | § | |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| PATRICK CONTRERAS, | § | |
| *et al*, | § | |
| Respondents. | § | |

**ORDER ON DISMISSAL**

Petitioner Ana Cristina Carbajal-Arcos filed a petition for writ of *habeas corpus* under 28 USC §2241 on June 24, 2026. Dkt 1. She acknowledges illegal entry into the United States at a prior date but nonetheless asserts that her present detention violates the Due Process Clause of the Fifth Amendment, while also referencing in passing the decision by the Central District of California in *Bautista v Santacruz*, 813 F Supp 3d 1084 (CD Cal 2025). See id at ¶¶8, 15–17.

Prior order noted that the petition may raise only issues resolved by the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026), and prior decisions by the undersigned. See Dkt 3 at 1–2. Even so, the Government was ordered to show cause with a filing establishing the propriety of Petitioner's continued detention. Id at 2.

Pending is a motion by the Government for summary judgment. Dkt 4. It states that Petitioner was taken into custody on June 19, 2026, meaning that she has been detained for fewer than ninety days. Id at 2. It thus argues

that present detention comports with due process under recent decision by the Fifth Circuit in *Sosnava Rodriguez v Ortega*. Ibid, citing 2026 WL 1906557, *16 (5th Cir).

Petitioner on reply doesn't dispute that she has been in detention for fewer than ninety days but still contends that *Sosnava Rodriguez* already pertains, while also requesting immediate release. See Dkt 6 at 2–4.

As noted in prior order, the Fifth Circuit issued a controlling decision with respect to the lawfulness of mandatory detention in this context under 8 USC §1225(b)(2)(A). See *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026). On July 2, 2026, the Fifth Circuit then issued a decision with respect to the constitutionality of detention under 8 USC §1225(b)(2)(A). See *Sosnava Rodriguez*, 2026 WL 1906557. With reference to limitations imposed by the Due Process Clause, the decision holds that the Government may detain individuals under the subject statute "for ninety days but no longer without a bond hearing," and that "at the hearing, the Government must articulate an individualized justification for further detention without bond." Id at *16. On July 10, 2026, that decision was then vacated pending rehearing *en banc*. See *Sosnava Rodriguez v Ortega*, 2026 WL 2014647, *1 (5th Cir). This means that it is currently "of no precedential value." *Comer v Murphy Oil USA, Inc*, 718 F3d 460, 468 (5th Cir 2013).

The undersigned has also previously determined certain issues raised in the petition. For example, see:

- o *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A).

- o *Herrera Estrada v Thompson,* 4:26-cv-01238 (SD Tex, Apr 27, 2026): Holding that pre-removal-order detention authorized by 8 USC §1225(b)(2)(A) doesn't violate due process while deportation proceedings are pending even

2

when it exceeds the six-month period set out in *Zadvydas v Davis*, 533 US 678 (2001), as to post-removal-order detention.

o *Sanchez-Sanchez v Bondi*, 4:26-cv-00144 (SD Tex, Jan 30, 2026): Holding that the order purporting to certify a nationwide class in *Bautista v Santacruz* exceeded the jurisdiction of the Central District of California and has no preclusive effect. See also *Calderon Lopez v Lyons*, 813 F Supp 3d 692 (ND Tex) (Hendrix, J) (detailing jurisdictional issues), and *Bautista v Department of Homeland Security*, 26-1044 (9th Cir), Dkt 17 (staying district court order insofar as it extends beyond the Central District of California upon determination that "government [ ] made a strong showing that . . . the district court exceeded its jurisdiction in certifying a nationwide class").

Beyond this, Petitioner's detention hasn't yet exceeded ninety days. Her detention at present thus comports with due process, even as framed by the panel in *Sosnava Rodriguez*. See 2026 WL 1906557 at *16.

Petitioner on reply contends that the immigration courts have recently (i) proceeded without articulating reasons justifying any denial, and (ii) apply "the mandatory detention policy cloaked as a flight risk determination." Dkt 6 at 3. By this, she argues that "a bond hearing will be an exercise of patent futility." Id at 4. At least implicitly, then, she appears to request immediate release without even the need for such hearing.

Nothing of record supports any of those contentions. Regardless, the requested relief isn't even the rule from *Sosnava Rodriguez* itself. For its part, the Fifth Circuit there was quite content to require a bond hearing on factors including dangerous and flight risk, in a context leaving no doubt that it trusts the immigration courts to proceed in good faith as instructed. See 2026 WL 1906557 at *16. The undersigned takes no different view.

3

Petitioner thus hasn't established that her current detention violates either the Constitution or federal law.

\* \* \*

The motion by the Government for summary judgment is GRANTED. Dkt 4.

The petition for writ of *habeas corpus* by Petitioner Ana Cristina Carbajal-Arcos is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

Petitioner is ADVISED to follow the *en banc* proceedings of the Fifth Circuit in *Sosnava Rodriguez*. She may file a motion for reconsideration or a later petition if warranted after those proceedings conclude.

A final judgment will enter separately.

SO ORDERED.

Signed on __July 15, 2026__ , at Houston, Texas.


_____

Honorable Charles Eskridge
United States District Judge

4